# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 12, 2025

Lyle W. Cayce

Clerk

―――――――

No. 23-60537

―――――――

Caleb Crabtree; Adriane Crabtree, *as assignees of the claims of Casey Cotton*,

*Plaintiffs—Appellants*,

*versus*

Allstate Property and Casualty Insurance Company; John Does 1-5,

*Defendants—Appellees*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:22-CV-348

―――――――――――――――――――――――

Before Smith, Wiener, and Douglas, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

This appeal turns on whether Mississippi's champerty statute, Miss. Code Ann. § 97-9-11 (Rev. 2013), voids an assignment of a cause of action to a disinterested third party.[1]  We certified that dispositive question of state

―――――――――――――――――

[1] "Champerty is generally defined as a bargain between a stranger and a party to a lawsuit by which the stranger pursues the party's claim in consideration of receiving part of any judgment proceeds."  *Sneed v. Ford Motor Co.*, 735 So. 2d 306, 309 (Miss. 1999) (citation modified).

No. 23-60537

law to the Supreme Court of Mississippi:

> Does MISS. CODE ANN. § 97-9-11 (Rev. 2013) allow a creditor in bankruptcy to engage a disinterested third party to purchase a cause of action from a debtor?

*Crabtree v. Allstate Prop. & Cas. Ins. Co.* (*Crabtree I*), No. 23-60537, 2024 WL 3451894, at *1 (5th Cir. July 18, 2024) (unpublished).

The Supreme Court of Mississippi answered that question in the negative: "This Court finds that the plain language of Mississippi Code Section 97-9-11 (Rev. 2020) prohibits a disinterested third party engaged by a bankruptcy creditor from purchasing a cause of action from a debtor's estate." *Crabtree v. Allstate Prop. & Cas. Ins. Co.* (*Crabtree II*), --- So. 3d ----, 2025 WL 1409047, at *1 (Miss. 2025).

In accordance with that answer to our certified question, we hold that the Crabtrees have not asserted an injury caused by Allstate because they never acquired Cotton's bad-faith claim against Allstate. We therefore affirm the district court's dismissal for lack of subject matter jurisdiction.

## I.

We summarized the facts of this case in *Crabtree I*:

> Casey Cotton rear-ended Caleb Crabtree, causing Crabtree extensive injuries. Cotton was insured by Allstate, but Crabtree's injuries exceeded Cotton's policy limit, meaning that Cotton risked liability for the excess should he be found at fault. Allegedly, Allstate refused to settle with Crabtree and did not inform Cotton of those settlement negotiations or of Cotton's potential personal liability. Those failures gave Cotton a potential claim for bad faith against Allstate.

> Crabtree and his wife sued Cotton, who declared bankruptcy. The bankruptcy court allowed the personal-injury action to proceed to trial, and the Crabtrees were awarded over $4 million. That made the Crabtrees judgment creditors in the

bankruptcy proceeding. Cotton's bad-faith claim against Allstate was classified as an asset of the bankruptcy estate. To facilitate a settlement between the Crabtrees and Cotton concerning the personal-injury judgment, the bankruptcy court allowed the Crabtrees to purchase Cotton's bad-faith claim for $10,000.

The Crabtrees, however, could not afford the $10,000 up-front, so they engaged Court Properties, [Inc.], to assist with financing. Court Properties paid the bankruptcy trustee $10,000 to acquire the bad-faith claim, then assigned that claim to the Crabtrees in exchange for $10,000 plus interest at 8% with repayment contingent on successful recovery from Allstate. The Crabtrees sued Allstate in the action now on appeal, asserting Cotton's bad-faith claim.

The district court dismissed that action for lack of subject matter jurisdiction. It held that the assignment of Cotton's claim to Court Properties and Court Properties's assignment to the Crabtrees were champertous and hence void under § 97-9-11. Thus, it found that the Crabtrees lacked Article III standing because, absent Cotton's bad-faith claims, the Crabtrees had not suffered any injury at Allstate's hands.

*Crabtree I*, 2024 WL 3451894, at *1.

We held that Article III jurisdiction turned on whether one (or both) of the assignments were champertous under Mississippi law:

If either Cotton's assignment to Court Properties or Court Properties's assignment to the Crabtrees is champertous and therefore void, the Crabtrees do not lawfully possess Cotton's claim, meaning Allstate's bad-faith has not injured them, and they lack standing to sue on that ground. So, this case may proceed in federal court if and only if both assignments were valid under § 97-9-11.

*Id.* at *2.

## II.

We explained in *Crabtree I* that "Court Properties did not have a 'real and legitimate interest' in the bad-faith claim because it was a 'disinterested stranger[]' that had no stake in Cotton's bad-faith claim or the bankruptcy proceeding." *Id.* at *4 (alteration in original) (quoting *Sneed*, 735 So. 2d at 311, 313). In answer to our certified question, the Supreme Court of Mississippi held that state law "prohibits a disinterested third party engaged by a bankruptcy creditor from purchasing a cause of action from a debtor's estate." *Crabtree II*, --- So. 3d ----, 2025 WL 1409047, at *1. That means that the assignment of Cotton's claim by the bankruptcy trustee to Court Properties was champertous and void under Mississippi law. *See Sneed*, 735 So. 2d at 315 (explaining that a champertous agreement is "a void contract under the laws of the State of Mississippi"). Because Court Properties never acquired Cotton's claim, it could not have assigned it to the Crabtrees. Accordingly, the Crabtrees do not possess Cotton's bad-faith claim against Allstate, so they lack standing to sue in federal court.

\* \* \* \* \* \*

The judgment of the district court is AFFIRMED.